**FILED**

APR − 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CENTER FOR ARMS CONTROL　　　*
AND NON-PROLIFERATION　　　　*
322 Fourth Street, N.E.　　　　*
Washington D.C. 20002　　　　*
　　　　　　　　　　　　　　*
　　　　　　　　Plaintiff　　　*
　　　　　　　　　　　　　　*
　　　　vs.　　　　　　　　*
　　　　　　　　　　　　　　*
JOHN SCOTT REDD　　　　　*
EXECUTIVE DIRECTOR　　　　*
COMMISSION ON THE INTELLIGENCE *
CAPABILITIES OF THE UNITED STATES*
REGARDING WEAPONS OF MASS　*
DESTRUCTION　　　　　　　*
725 17th Street, N.W.　　　　*
Washington, D.C. 20503　　　　*
　　　　　　　　　　　　　　*
　　　　and　　　　　　　　*
　　　　　　　　　　　　　　*
COMMISSION ON THE INTELLIGENCE *
CAPABILITIES OF THE UNITED STATES*
REGARDING WEAPONS OF MASS　*
DESTRUCTION　　　　　　　*
725 17th Street, N.W.　　　　*
Washington, D.C. 20503　　　　*
　　　　　　　　Defendants　*
*　　*　　*　　*　　*　　*　　*　　　*　　*　　*　　*　　*

CASE NUMBER  1:05CV00682

JUDGE: Rosemary M. Collyer

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 04/06/2005

## **COMPLAINT**

　　1.　This case challenges the Commission on the Intelligence Capabilities of the

United States Regarding Weapons of Mass Destruction ("Commission") and the

Commission's Executive Director's ongoing violations of the Federal Advisory

Committee Act, 5 U.S.C. § App. II (1972)("FACA"), as amended.

*1*

Jurisdiction and Venue

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action

arising under the laws of the United States), 28 U.S.C. § 1346(a)(2)(United States as a

defendant), and 28 U.S.C. § 1361 (mandamus). Venue is proper in this district pursuant

to 28 U.S.C. Section § 1391(e).

Parties

3.  Plaintiff Center for Arms Control and Non-Proliferation ("Center") is a non-profit

organization dedicated to reducing the proliferation of nuclear weapons to foreign

governments and terrorist organizations. It brings this action on its own behalf.

4.  Defendant John Scott Redd is the Executive Director of the Commission

established by President George W Bush by Executive Order 13328 on February 6, 2004.

He is responsible for all administrative matters of the Commission, including but not

limited to the Commission's compliance with FACA.

6.  Defendant Commission has been engaged during the last year in holding meetings

in anticipation of preparing a report for the President pursuant to the Order mentioned

hereinabove. Its meeting address is unknown. Its mailing address is 725 17th Street, N.W.,

Washington, D.C. 20503

Statutory Framework and Facts Giving Rise to Plaintiff's Claims

7.  President George W. Bush, established the Commission by Executive Order

13328 on February 6, 2004 to

> "...assess whether the Intelligence Community is
> sufficiently authorized, organized, equipped, trained and
> resourced to identify and warn in a timely manner of, and
> to support united States Government efforts to respond to,
> the development and transfer of knowledge, expertise,
> technologies, materials and resources associated with the

2

proliferation of Weapons of Mass destruction, related
means of delivery, and other related threats of the 21st
Century and their employment by foreign powers including
terrorists, terrorist organizations, and private networks, or
other entities or individuals".

Section 2(a) Mission, Executive Order 13328

A report was issued by the Commission to the President on March 31, 2005 in
response to this Executive Order.

8. The Federal Advisory Committee Act, 5 U.S.C. § App. 2  ("FACA"), imposes

certain requirements on the President when he establishes or utilizes any advisory

committee, which is defined as a group of individuals, including at least one non-federal

employee, which provides collective advice or recommendations to the President,

5 U.S.C. § App. II, Section 3(2)(B). The Commission is composed of numerous non-

federal government members and therefore is not exempt from FACA.

9. An advisory committee under FACA must also file a charter, 5 U.S.C. § App. II

Section 9(c). The Commission has filed such a charter.

10. Section 10(b) of FACA states that "Subject to section 552 of title 5, United States

Code (FOIA), the records, reports, transcript, minutes, appendixes, working papers,

drafts, studies, agenda, other documents which were made available to or prepared for or

by each advisory committee shall be available for public inspection and copying at a

single location in the offices of the advisory committee or the agency to which the

advisory committee reports until the advisory committee cases to exist." Although a

public reading room was established by the Commission, the contents of said reading

room were meaningless within the context of FACA, as the documents did not contain all

of the unclassified records, reports, transcript, minutes, appendixes, working papers,

3

drafts, studies, agenda, or other documents which were made available to or prepared for or by the Commission.

11. Special counsel for the Center and counsel for the Natural Resources Defense Council (NRDC) began communicating by letter with counsel for the Commission on April 7, 2004, inquiring as to whether the Commission was subject to FACA and intended to comply with FACA. It is presumed for purposes of this litigation that counsel for the Commission is acting on behalf of both defendants. At no time have the defendants through their counsel responded to such inquiries with an affirmative answer that defendants were subject to FACA and would comply with FACA.

12. Additional correspondence was sent by special counsel for the Center and counsel for the Natural Resources Defense Council ("NRDC") to counsel for the Commission inquiring as to whether the Commission would comply with Section 10(c) which states "Detailed minutes of each meeting of each advisory committee shall be kept and shall contain a record of the persons present, a complete and accurate description of matters discussed and conclusions reached, and copies of all reports received, issued or approved by the advisory committee. The accuracy of all minutes shall be certified to by the chairman of the advisory committee." No affirmative response was ever received from the defendants nor were any documents pursuant to Section 10(c) ever received by the plaintiff.

13. A letter dated May 24, 2004 was sent by the President of the Center for Arms Control and Non-Proliferation asking in part for minutes of the March 31, 2004 meeting of the Commission. No response was ever received from the Commission to this request.

14. The Commission has periodically issued statements after the completion of its meetings indicating some of the participants at these meetings and a general description of what was discussed. Few if any of the specific documents required to be revealed to the public under Sections 10(b) and 10(c) of FACA were made part of these statements.

15. The Commission has also maintained a website. None of the documents which should be made available pursuant to Sections 10(b) and 10(c) of FACA has been posted to the website.

<u>Count 1</u>

<u>(Violation of the Federal Advisory Committee
Act/Mandamus)</u>

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. The Commission is a federal advisory committee as defined under the FACA, 5 USC App. 2, and as such is required to comply with all provisions of that law, including but not limited to those enumerated in Sections 10(b) and 10(c) of FACA.

18. The Commission has complied with certain aspects of the FACA by publishing advance notice of its meetings in the "Federal Register", having a reading room as incomplete as it is, and filing the appropriate charter required by the FACA. By its very actions the Commission has admitted that it is subject to the FACA.

19. Nevertheless, the defendants have violated FACA as follows:

      A.      By failing to make for public inspection and copying the records, reports, transcripts, minutes, appendices, working papers, drafts, studies, agenda or other documents which were made available to or prepared by the Commission. (Violation of FACA Section 10(b) and 11(a)).

B.     By failing to make for public inspection and copying the detailed minutes of each meeting of the Commission (Violation of FACA Section 10(c)).

20. The actions or inactions of the defendants have deprived the plaintiff of its right granted by FACA to the documents described in Sections 10(b) and 10(c) of FACA. The failure of the defendants to comply with FACA has harmed the plaintiff in that it cannot comply with one of its primary functions which is to educate the public about issues involving the effort to control the spread of nuclear weapons and reduce the nuclear threat as it relates to terrorism.

21. Plaintiff will continue to suffer permanent and irreparable harm unless operation of the Commission is brought into compliance with the provisions of the FACA.

22. The defendants have a nondiscretionary duty to comply with the procedural requirements of the FACA including but not limited to those set forth in the preceding paragraph.

23. This Court has jurisdiction to compel the Defendants to perform a nondiscretionary duty pursuant to the Mandamus and Venue Act, 28 U.S.C. Section

<u>Plaintiff's Prayer for Relief</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  declare that the Commission is in violation FACA;

(2)  enter a writ of mandamus ordering the defendants to comply with the FACA by publicly releasing all unclassified materials which are covered by 5 U.S.C. § App II, Sections 10(b), 10(c) and 11(a).

(3) award plaintiff its costs, attorneys' fees, and other disbursements for this action; and

(4) grant plaintiff such other and further relief as this Court may deem just and proper.

Date: April 6, 2005

Respectfully submitted,

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006
(202) 454-2809
ZaidMS@aol.com

Attorney for Plaintiff

Of Counsel (to be waived in *pro hac vice*)
Jules Zacher, Esquire
(Penna. Bar No. 20574)
Special Counsel for the Center for Arms Control and Non-Proliferation
1601 Walnut Street
Suite 707
Phila PA 19102
215-988-0160
zacherlaw@aol.com

7